IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| MAJID HANNA ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | CASE NO: |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| TOLEDO MOLDING & DIE, ) | JURY DEMAND |
| LLC and WILLIAM ) | |
| ARNOLD ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

Plaintiff Majid Hanna ("Plaintiff"), through counsel, asserts the following complaint against Defendants Toledo Molding & Die, LLC and William Arnold for injuries from a forklift accident caused by Defendants.

## PARTIES

1. Plaintiff, Majid Hanna, is a citizen and resident of Madison Heights, Oakland County, Michigan.

2. Defendant Toledo Molding & Die, LLC f/k/a Toledo Molding & Die, Inc. ("Defendant TMD"), is an entity organized under the laws of Delaware with its Principal Office in Toledo, Ohio. Upon

information and belief, Defendant Toledo Molding & Die may be served with process on its Registered Agent, CT Corporation System, at 300 Montvue Rd, Knoxville, Tennessee 37919-5546.

3. Defendant William Arnold is a citizen and resident of Elora, Lincoln County, Tennessee. Upon information and belief, Defendant Arnold may be served at 43 Old Huntland Road, Elora, Tennessee 37328.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because there is complete diversity of citizenship between the Plaintiff and the Defendants.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and because Defendants conduct substantial business in this District.

## FACTUAL BACKGROUND

6. On November 18, 2019, at approximately 10:00 a.m., Majid Hanna was crushed by a powered industrial truck ("forklift") and pinned

against his van while picking up pallets from the TMD facility in Fayetteville, Lincoln County, Tennessee.

7. Before the forklift crushed Mr. Hanna, the forklift was left unattended by Defendant Arnold.

8. At all material times, Defendant Arnold was acting as an agent and/or within the course and scope of his employment with Defendant TMD.

9. Upon information and belief, Plaintiff was directed by Defendant Arnold as to where to park his vehicle for loading.

10. Mr. Hanna was facing the back of his van and helping Defendant Arnold reposition pallets inside the van when the unattended forklift crushed his left leg.

11. For the next two minutes, Mr. Hanna screamed in pain while pinned to his van by the forklift.

12. While attempting to "unpin" Mr. Hanna, Defendant Arnold knocked Mr. Hanna to the ground.

13. Before crushing Mr. Hanna, the forklift was on a ramp with the forklift facing downgrade.

14. Before crushing Mr. Hanna, no wheel blocks were put in place to block the wheels of the forklift.

15. Upon information and belief, on the day of the accident, the forklift did not have any mechanical issues with stopping, breaking, or resting in place when parked properly.

16. In the alternative, if the forklift was having issues stopping, breaking, or staying parked prior to the accident, Defendants knew or should have known about these issues and failed to take the forklift out of service.

17. Following the accident, the forklift was moved to a flat surface where it was parked in a stationary position without incident.

18. Upon information and belief, the presence of other workers at Defendant TMD's facility was common and such instances routinely included drivers picking up loads such as Plaintiff.

19. Upon information and belief, Defendant TMD was responsible for enforcement of safety rules and regulations to insure workplace safety at its facility, including safety rules and regulations related to the use and operation of machinery such as the forklift.

20. Upon information and belief, Defendant TMD was responsible for ensuring its own employees were properly trained on workplace safety rules, including safety rules and regulations related to the use and operation of machinery such as the forklift.

21. Upon information and belief, the unsafe acts of using a forklift to load from an incline and oriented downhill were a result of insufficient or inadequate training by Defendant TMD.

22. Upon information and belief, Defendant TMD condoned these unsafe practices and/or negligently permitted their use by failing to enforce reasonable safety measures at the workplace as indicated by the forklift manufacturer and as required under applicable rules and regulations for workplace safety, such as OSHA.

## WRONGS COMPLAINED OF DEFENDANTS

23. Plaintiff incorporates all above paragraphs.

24. Defendant Arnold had a duty to act as a reasonable and prudent forklift operator would have acted under the same or similar circumstances, and to exercise ordinary care.

25. Defendant Arnold breached the duty owed to Mr. Hanna by:

a. Carelessly and negligently operating the forklift as described herein;

b. Carelessly and negligently failing to maintain control of the forklift;

c. Carelessly and negligently operating a forklift on an incline with the load facing downgrade;

d. Carelessly and negligently leaving the forklift unattended;

e. Carelessly and negligently leaving the forklift unattended;

f. Carelessly and negligently leaving the forklift unattended on an incline;

g. Carelessly and negligently leaving the forklift unattended on an incline with the front of the forklift facing downgrade;

h. Carelessly and negligently leaving the forklift unattended on an incline without blocking the wheels;

i. In the alternative, carelessly and negligently failing to take a malfunctioning forklift out of service;

26. Further, Defendant Arnold was negligent per se for:

a. Leaving the powered industrial truck unattended pursuant to OSHA Safety Standard 19.10.178(m)(5)(ii);

b. Failing to neutralize the controls, shut off the power, and set the brakes of the powered industrial truck while it was unattended pursuant to OSHA Safety Standard 19.10.178(m)(5)(i);

c. Failing to block the wheels of the powered industrial truck while it was left unattended on an incline pursuant to OSHA Safety Standard 19.10.178(m)(5)(i);

d. Failing to remove the powered industrial truck from service if was not in a safe operating condition pursuant to OSHA Safety Standard 1910.178(q)(i);

e. Driving a loaded power industrial truck with load facing downgrade while descending a loading ramp with a grade in excess of 10 percent pursuant to OSHA Safety Standard 1910.178(n)(7)(i).

27. Defendant TMD is vicariously liable for the negligent acts and omissions of Defendant Arnold by the principles of agency and/or doctrine of respondeat superior. Consequently, the negligence of Defendant Arnold is, as a matter of law, imputed to Defendant TMD

under the principles of actual or apparent agency and/or the doctrine of respondeat superior.

28. Defendant TMD was negligent per se in failing to comply with the following OSHA Safety Standards: 19.10.178(m)(5)(i)-(ii); 1910.178(n)(7)(i); and 1910.178(q)(i).

29. In addition to being vicariously liable for the negligent acts of the forklift operator, Defendant TMD owed a duty to exercise reasonable care to see that Mr. Hanna had a reasonably safe place in which to work.

30. The aforementioned duty of Defendant TMD included the training and supervision of its own employees as to applicable safety rules and regulations and the enforcement of safety rules and regulations by its employees at its facility.

31. Defendant TMD breached the duty to provide Mr. Hanna with a reasonably safe place to work by:

    a. Failing to ensure that no dangerous and hazardous conditions existed on the premises;

    b. Failing to take steps to ensure that its employees understood and followed the applicable safety rules and OSHA standards for operating powered industrial truck.

32. As a direct and proximate result of the above-described negligent acts and omissions by Defendants, Plaintiff suffered painful bodily injuries and other damages.

## DAMAGES

33. Plaintiff incorporates all above paragraphs.

34. As a direct and proximate result of the actions of the Defendants, Mr. Hanna has endured and will continue to endure pain, suffering, mental anguish, and loss of enjoyment of life.

35. Plaintiff's damages further include, as a direct and proximate result of the acts and omissions of Defendants, medical and hospital bills, lost wages, diminished earning capacity, and other recoverable losses and expenses.

36. Plaintiff further asserts all available damages under applicable law.

## PRAYER FOR RELIEF

37. Plaintiff prays for relief as follows:

    a. That process be issued requiring Defendants to answer this Complaint in the manner and within the time prescribed by law;

    b. For fair and reasonable compensatory damages;

    c. For the court costs of trying this action;

    d. For a jury to hear this cause of action;

    e. For costs to be taxed to the Defendants;

    f. For such other and further relief as the Court may deem proper; and,

    g. For prejudgment interest;

    h. Such other and further relief to which they may be entitled.

38. Plaintiff respectfully reserves the right to amend this Complaint to conform to the evidence.

Respectfully submitted,

DAVID RANDOLPH SMITH & ASSOCIATES

*/s/ David Randolph Smith*
David Randolph Smith, TN BPR#011905

                Dominick R. Smith, TN BPR # 028783
                W. Lyon Chadwick, TN BPR # 029599
                Christopher W. Smith, TN BPR #034450
                1913 21st Avenue South
                Nashville, Tennessee 37212
                (615) 742-1775 phone
                (615) 742-1223 fax
                drs@drslawfirm.com

                *Attorneys for Plaintiff*